PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY GOLDBERG, *et al.*, | ) | |
| | ) | CASE NO.  1:13CV00467 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MOHAWK INDUSTRIES, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 10] |

Pending is the Motion to Remand to state court filed by Plaintiffs Nancy Goldberg and

Gerald Goldberg ("Plaintiffs").  ECF No. 10.  Defendants Mohawk Industries, Inc., Mohawk

Carpet, LLC, and Mohawk Carpet Distribution, Inc. ("Defendants") responded (ECF No. 12) and

Plaintiffs replied (ECF No. 14).  The Court has reviewed the motion, responsive briefs and the

applicable law.  For the reasons provided below, Plaintiffs' motion is granted and the case is

remanded to state court.

### I.  Factual and Procedural Background

Plaintiffs filed the present case[1] in the Court of Common Pleas of Cuyahoga County,

Ohio on January 16, 2013, Case No. CV-13-799561.  In the Complaint, Plaintiffs pray for class

action status; declaratory and injunctive relief; compensatory, punitive and statutory damages;

and interest, costs and attorneys' fees based on various claims in contract and fraud arising from

---

[1]  Plaintiffs filed an individual action in June, 2012 against Defendants based on
the same events as the present case, being Case No. CV-12-784457.  *See* ECF No. 10-1 at
PageID #: 293.  In December 2012, Plaintiffs filed a Notice of Dismissal without
Prejudice.  *Id.* at PageID #: 294.

(1:13CV0467)

defects—multiple striations, or stripes—in carpet placed in their family room that was purchased

from Defendants.  ECF No. 1-3 at PageID #: 27 (Prayer for Relief); ECF No. 1-3 at ¶¶ 1, 17.

Defendants maintain that the carpet is not defective.  ECF No. 10-3 at PageID #: 313.  Lecia

Hudson, who allegedly inspected the carpet, reported that the "pooling or shading" was merely a

"phenomenon" and not a manufacturing defect.  ECF No. 1-3 at PageID #: 32.

Defendants timely filed a Notice of Removal based on diversity jurisdiction, pursuant to

28 U.S.C. § 1332.  ECF No. 1.  Plaintiffs moved to remand this case to state court, alleging that

the amount in controversy does not exceed $75,000, the current threshold for diversity

jurisdiction.  28 U.S.C. § 1332(a); ECF No. 10.

As indicated above, Plaintiffs pray for a variety of damages but do not specify the amount

of damages sought.  ECF No. 1-3.  Both parties rely on an invoice (the "Invoice"), dated June 9,

2008, that outlines the transaction that led to this action.  ECF No. 1-3 at PageID #: 35.  The first

item is a "family room" carpet, costing $3,825.49, including labor and freight.  *Id.*  The Invoice

also lists a "[m]aster bedroom suite" carpet, labor and freight, and reinstallation of a carpet in the

hall "along master entry."  It reflects a total sale of $10,205.95.  *Id.*

Plaintiffs assert that the required amount in controversy for diversity jurisdiction is not

met, stating that their "individual claims are less than a third of the jurisdictional minimum."

ECF No. 10-1 PageID #: 296.  Defendants argue that  Plaintiffs' prayer for compensatory

damages, punitive damages, treble damages, injunctive relief, and attorneys' fees reveals that the

amount in controversy exceeds $75,000.  ECF No. 12.

2

(1:13CV0467)

## II.  Standard of Review

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) .

When a plaintiff's complaint does not set forth the specific amount of damages sought, a defendant seeking removal on the basis of diversity jurisdiction has the burden of proving by the preponderance of the evidence that complete diversity and the amount in controversy requirements are met.  *See, e.g., Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 599 U.S. 77, 91 (2010).  There is nothing in the Complaint (ECF No. 1-3) which would indicate that the amount in controversy exceeds $75,000.  This is understandable in light of Ohio Civ. R. 8(A) which provides:

> A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.  If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10.

Because of this rule, a defendant who is faced with an indeterminate state court complaint should make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal.  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990).  A defendant cannot satisfy this burden merely by averring that the amount-in-controversy requirement is met.  *Gafford*, 997 F.2d at 160.

The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal.  *Ramski v. Sears, Roebuck, & Co.*, 656 F. Supp. 963, 965 (N.D. Ohio 1987).

(1:13CV0467)

"A court may, however, look at subsequent pleadings and proceedings in a case . . . to the extent that they 'shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties.'" *Hrivnak v. NCO Portfolio Mgmt.*, 723 F. Supp.2d 1020, 1024 (N.D.Ohio 2010) (citing *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 n. 3 (7th Cir. 1981)).  A district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted).  The removal petition is to be strictly construed, and the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III.  Discussion

Defendants removed the case to this Court based on diversity jurisdiction.  ECF No. 1 at PageID #: 3.  It is not in dispute that there is complete diversity of citizenship between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332.  Plaintiffs move the Court to remand to state court because the amount-in-controversy requirement is not met.

The claims alleged may allow for punitive and/or statutory damages that are awarded in multiples of actual damages.  Defendants assert that the entire Invoice is at issue and, therefore, punitive and statutory damages should be calculated in increments of $10,205.95.  ECF No. 1-3 at PageID #: 35.  However, contrary to Defendants' position that "Plaintiffs' alleged compensatory damages are a moving target," ECF No. 12 at PageID #: 387, the Complaint and supporting briefs confirm that the controversy surrounds only the "family room" carpet, valued at

4

(1:13CV0467)

$3,825.49.  ECF Nos. 1-3 at ¶ 16 and 14 at PageID #: 469.  This will likely be the amount of

compensatory damages awarded, if any.  *See Whitaker v. M.T. Auto., Inc.*, 855 N.E.2d 825, 831

(Ohio 2006) (citing *Birdsall v. Coolidge*, 93 U.S. 64 (1876)) ("compensatory damages" are the

same as "actual damages").

     Punitive damages for a tort claim under Ohio law are limited to "two times the amount of

the compensatory damages awarded to the plaintiff from that defendant."  Ohio Rev. Code §

2315.21(D)(2)(a).  They are awarded "only upon a finding of actual malice."  *E.g., Sicklesmith v.*

*Chester Hoist*, 863 N.E.2d 677, 696 (Ohio App. 7th Dist. 2006) (citing *Calmes v. Goodyear Tire*

*& Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991).  Plaintiffs may also be entitled to statutory

damages of "three times the amount of the consumer's actual economic damages," plus up to

"five  thousand dollars in noneconomic damages," if they prevail under the Ohio Consumer Sales

Practices Act ("OCSPA"), Count V of the Complaint (ECF No. 1-3).  Ohio Rev. Code §

1345.09(B).  These damages are awarded only "[w]here the violation was an act or practice

declared to be deceptive or unconscionable."  *Id.*  Regardless of the likelihood of an award of

punitive or statutory damages, the respective caps restrain the amount in controversy from

approaching even close to the jurisdictional amount.  Defendants fail to prove otherwise.

     If they prevail on their OCSPA claim, Plaintiffs may be awarded reasonable attorney's

fees if Defendants are found to have "knowingly committed an act or practice that violates this

chapter."[2]  Ohio Rev. Code § 1345.09(F).  Defendants anticipate fees of over $50,000 but admit

_____

     [2]"[A]ttorneys' fees are excludable in determining the amount in controversy for
purposes of diversity, unless . . . a statute mandates or expressly allows the payment of
                                                                    (continued...)

5

(1:13CV0467)

they have "no knowledge of the fee arrangement or time spent by Plaintiffs' attorney." ECF No. 12 at PageID #: 388.  Defendants do not allege that they knowingly committed an act or practice that violates the OCSPA, as required for an award of attorney's fees, nor do they provide another statute as the basis for an award of attorneys' fees.  In addition, Defendants fail to prove by the preponderance of the evidence that $50,000 would be a reasonable award of attorneys' fees in this case that stems from a $3,825.49 carpet.

Injunctive relief is also sought.  Relying on the maxim that the "costs of complying with an injunction . . . may establish the amount in controversy," Defendants assert that an injunction enjoining them from selling any carpet would cost Defendants in excess of $75,000.  *Everett v. Verison Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); ECF No. 12 at PageID #: 390.  While it remains that "[t]he Sixth Circuit has not yet resolved whether it view[s] the amount in controversy from the perspective of the plaintiff or the defendant." *Wright*, 2011 WL 1792815, at *1 (quoting *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 770 n.1 (6th Cir. 2009), it remains equally true that a defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements by a preponderance of the evidence.  *Everett*, 460 F.3d at 829.  Therefore, even if the Court were to apply the "either-viewpoint rule," meaning it will determine the amount in controversy not only by considering the benefit of the action to the plaintiff, but the burden imposed on the defendant, the tide does not turn in favor of

---

[2](...continued)
such fees." *Wright v. Sand Canyon Corp.*, No. 5:10CV2188, 2011 WL 1792815, at *1 n.1 (N.D. Ohio May 11, 2011) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

(1:13CV0467)

Defendant.  Plaintiffs seek only to enjoin Defendants "from knowingly selling defective carpet and from refusing to replace obviously defective carpet or to refund the purchase price." ECF No. 1-3 at PageID #: 28.  Should Plaintiff prevail on its claim for injunctive relief, Defendants fail to sufficiently provide, by the preponderance of evidence, how the economic burden of complying with the resultant injunction, relating to "knowingly selling defective carpet" and replacing "obviously defective" carpet, could exceed $75,000.

Finally, Defendants allege that the Complaint's eight Counts and the ten-paragraph Prayer for Relief reveal that the amount in controversy exceeds $75,000.  No. 12 at PageID #: 384. Defendants cite *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994) wherein the court stated that the "various tort claims," "their nature and the relief demanded should have alerted Defendant that Plaintiff was seeking an amount in excess of the [minimum amount] required to attain federal court jurisdiction." *Id.* at 434 (civil action that involved assault, battery, harassment, and outrageous conduct was remanded for failure to timely remove).  The Court does not agree that *McCraw* stands for the idea that the quantity of claims and alleged grounds for relief alone can indicate the amount in controversy.  In this case, although the Complaint sets forth multiple claims and bases for relief, the controversy, in essence, surrounds a $3,825.49 consumer claim without bodily injury.

### IV.  Conclusion

Accordingly, the Court grants Plaintiffs' Motion to Remand (ECF No. 10) because the amount in controversy is, more likely than not, less than the jurisdictional minimum.  The case is remanded to the state court from which it was removed along with the following pending

(1:13CV0467)

motions: Defendants' Motion to Dismiss with Prejudice Counts I, VI, VII, and VIII (ECF No. 7).[3]

IT IS SO ORDERED.

 June 19, 2013                              /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

_____

[3]  The Court has contemporaneously ruled on Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (ECF No. 11).  Therefore, Plaintiffs shall serve and file a memorandum in opposition to ECF No. 7 on or before July 19, 2013.